**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **JAYME BRADLEY and DANIEL** | § | |
| **BRADLEY, Individually and** | § | |
| **As Representative of the Estate of** | § | |
| **JOHNNY CHARLES BRADLEY** | § | |
| *Plaintiffs* | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VS.** | § | |
| | § | |
| **RUSK COUNTY, TEXAS** | § | |
| *Defendant* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, **JAYME BRADLEY and DANIEL BRADLEY, Individually and As Representative of the Estate of JOHNNY CHARLES BRADLEY,** and file this Plaintiffs' Original Complaint against **RUSK COUNTY, TEXAS**, and for causes of action would respectfully show as follows:

**PARTIES**

1.      Plaintiff, **JAYME BRADLEY**, is a resident of Tatum, Texas and brings a wrongful-death action individually as the son of Johnny Charles Bradley (decedent) and also brings a survival action as heir of decedent because no estate administration is pending and none is necessary at this time.  If the need arises to open an administration of decedent's estate, Plaintiffs will amend to bring the survival action as the representative of the estate.

2.      Plaintiff, **DANIEL BRADLEY**, is a resident of Longview, Texas and brings a wrongful-death action individually as the son of Johnny Charles Bradley (decedent) and also brings a survival action as heir of decedent because no estate administration is pending and none is

necessary at this time.  If the need arises to open an administration of decedent's estate, Plaintiffs will amend to bring the survival action as the representative of the estate.

3.      Defendant, **RUSK COUNTY, TEXAS** ("Rusk County" or the "County") is a Texas county.  Pursuant to Federal Rules of Civil Procedure 4(j)(2), Defendant, Rusk County may be served with process by delivering summons and original complaint to its chief executive officer, **Honorable County Judge Joel Hale at 115 North Main Street, Suite 104, Henderson, Texas 75652 or wherever he may be found.**  Service of such person is also consistent with the manner prescribed by Texas law for serving summons or like process on a county as a Defendant, as set forth in Texas Civil Practice and Remedies Code Section 17.024(a).

## STATEMENT OF JURISDICTION AND VENUE

4.      Jurisdiction and venue are proper in this Court.

5.      This court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1343 (3) and (4) because this suit presents a federal question and seeks relief pursuant to federal statute(s) providing for the protection of civil rights.  Furthermore, this suit arises under the United States Constitution and federal statutes including but not necessarily limited to 42 U.S.C. §1983.

6.      The court has personal jurisdiction over Rusk County because it is a Texas county.

7.      Venue in this Court is proper in the Marshall Division of the United States District Court for the Eastern District of Texas, under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Rusk County in the Eastern Judicial District.  Rusk County Courthouse is closer to the Marshall Division of this judicial district than the Tyler Division.  Furthermore, the Plaintiffs are also closer to the Marshall Division than the Tyler Division.

## <u>FACTUAL BACKGROUND AND ALLEGATIONS</u>

8.     Plaintiffs provide in this factual background section the general substance of certain factual allegations. Plaintiffs do not intend that this section provides in detail, or necessarily in chronological order, any or all allegations.  Rather, Plaintiffs intend to provide Defendant with sufficient fair notice of the general nature and substance of Plaintiffs' allegations and further demonstrate Plaintiffs' claim(s) have facial plausibility and merit. Whenever Plaintiffs plead factual allegations "upon information and belief," Plaintiffs are pleading that the specified factual contentions have evidentiary support or will likely have evidentiary support after reasonable opportunity for further investigation or discovery. Plaintiffs also plead factual allegations discovered during discovery limited to the qualified immunity of Defendant, as applicable.

9.     This case arises from the indifference and denial of medical and mental health care needed by Johnny Bradley while detained in the Rusk County Jail. Johnny Bradley had medical conditions which required prescription medication and mental illness, of which both conditions required medical and mental care, supervision, and monitoring.  These conditions were known to the County, Sheriff, jailors, and jail staff.





10.    On or about July 23, 2023, Johnny Charles Bradley died while incarcerated in the Rusk County Jail located in Henderson, Texas and under the care and control of the Rusk County Sheriff's Department.  At the time of Johnny Bradley's incarceration, he was a pretrial detainee who was indicted on charges and awaiting trial.

11.    According to the *Custodial Death Report* filed with the Attorney General of Texas by the Rusk County Sheriff's Department, Johnny Bradley was "found unresponsive on his bed by RCSO jail staff."  Johnny Bradley was pronounced deceased at approximately 5:15 p.m. on July 23, 2023 in the emergency room at UT Health in Henderson.  Texas law requires that the County have Johnny Bradley's death investigated by an outside agency.  Texas Rangers[1] conducted an investigation which resulted in Rusk County Jail receiving a *Notice of Non-Compliance* from the Texas Commission on Jail Standards ("TCJS") which stated the following.

> Every facility shall have the appropriate number of jailers at the facility 24 hours each day.  Facilities shall have an established procedure for documented, face-to-face observation of all inmates by jailers no less than once every 60 minutes.  Observation shall be performed at least every 30 minutes in areas where inmates known to be assaultive, potentially suicidal, mentally ill, or who have demonstrated bizarre behavior are confined.
> **A review of documentation and video received after a custodial death revealed that while jailers made observation rounds, the jailers did not view the inmate face-to-face as required by minimum jail standards.**

---

[1] The purpose of a Texas Rangers investigation regarding a custodial death, such as the decedent's is to determine whether there was any criminal responsibility for what occurred.  Texas Rangers do not determine whether there is civil liability for violation of a person's constitutional rights, such as that alleged in this case.  Therefore, the Texas Rangers' determination as to whether to turn the case over to a grand jury and recommend prosecution does not determine whether Defendant is liable for the decedent's death.

Rusk County Jail was found to have violated the minimum jail standards pursuant to Title 37 of Texas Administrative Code § 275.01 in connection with Mr. Bradley's death.  TCJS is the state agency tasked with enforcing the bare minimum jail standards.

12.     Rusk County Jail revealed in the *Custodian Death Report* filed by Sheriff Johnwayne Valdez that it was known to the Sheriff and jail staff that Mr. Bradley "had a history of mental health issues" and "was believed to be mentally ill and was on the "Clearing House List (#826)". The report further revealed that the Sheriff and staff knew that Mr. Bradley had other health issues which required prescription medication and "was believed to be hypertensive". According to this report, Johnny Bradley died of "cardiovascular disease/heart attack." It is likely that the prescription medications were to treat his hypertension and cardiovascular disease. Despite knowing these medical and mental health issues, Defendant through its agents and employees failed to take appropriate action and to ensure that Mr. Bradley was taking his medications and to obtain for him appropriate medical and mental health care.  Said report also stated that Mr. Bradley "consistently refused medication and medical treatment".  Knowing this and that Mr. Bradley was mentally ill, the Sheriff, jail staff, and jail administrator should have sought medical and mental health treatment for Mr. Bradley.

13.     The United States Supreme Court has held that a county jail has a non-delegable duty to provide reasonable and necessary medical services that meet the requirements of the Constitution and interpretive case law[2].

14.     During the time Johnny Bradley was in Rusk County Jail, and specifically on the date Johnny Bradley died, the jail was inadequately staffed with jailers who either had not received the required training to identify the need for and obtain medical assistance for critical illnesses, were

---

[2] See *West v. Atkins*, 487 U.S. 42, 54-57 (1988).

indifferent to the medical and mental illnesses and needs of prisoners, were not properly trained in supervision and monitoring of prisoners, or all of the above. For whatever the reason, the County, through its employees, staff, and representatives failed to provide Johnny Bradley with reasonable and necessary medical services for his medical and mental illnesses and condition.

15.     Defendant's deliberate indifference and objective unreasonableness caused Johnny Bradley's unnecessary death. Johnny Bradley was not receiving his prescription medication(s). While the Defendant may claim that Johnny Bradley refused his medication, the Defendant was aware of his medical condition(s) and that he was mentally ill, but regardless of this knowledge did not seek reasonable and necessary medical and/or mental intervention on his behalf. Furthermore, Defendant failed to medically monitor him in accordance with Texas Jail Standards.

## CAUSE OF ACTION

### *NEGLIGENCE AND NEGLIGENCE PER SE*

16.     Defendant's negligence and negligence *per se* is the proximate cause of Mr. Bradley's tragic death and Plaintiffs' damages.  Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Defendant's negligent, careless and reckless disregard of said duty is the proximate cause of Mr. Bradley's death and Plaintiffs' damages.

### *MONELL LIABILITY*

17.     Plaintiffs set forth in this section of the pleading additional facts and allegations supporting liability claims against Rusk County pursuant to *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978).  It is Plaintiffs' intent that all facts asserted in this pleading relating to policies, practices, customs, and/or culpable conduct of the County support such *Monell* liability claims, and not just facts and allegations set forth in this section. Such liability arises due to the action and/or inaction

of the chief policymaker(s) for Rusk County regarding jail policies, practices, customs, and/or culpable conduct.  Such policies, practices, customs, and/or culpable conduct alleged in this pleading, individually and/or working together, and whether supporting episodic acts and omission and/or conditions of confinement claims, were moving forces behind and caused the constitutional violations, and damages and death, referenced herein. These policies, practices, customs, and/or culpable conduct are pled individually and alternatively.



18.     The County knew, when the County incarcerated the decedent, that their personnel, policies, practices, customs and/or culpable conduct were such that they could not meet its constitutional obligations to provide medical and mental health treatment to, and protect, the decedent. The County made decisions about policies and practices which it implemented through its commissioner's court, its sheriff, its jail administrator, and/or through such widespread practice and/or custom that such practice and/or custom became the policy of the Court as it related to its jail including issues related to staffing and budgets. The Fifth Circuit Court of Appeals has made it clear that Plaintiffs need not allege at the pleading stage the chief policymaker(s).

19.     There were several policies, practices, customs and/or culpable conduct of the County which were moving forces behind, caused, were producing causes of, and/or proximately caused the decedent's suffering and death, and other damages referenced in this pleading.  The County made deliberate decisions, acting in a deliberately indifferent (potentially applied only to any episodic act claims but not to alleged conditions or confinement claims) and/or objectively unreasonable manner, when implementing and/or allowing such policies, practices, customs, and/or culpable conduct to exist. Further when the County implemented and/or consciously

allowed such policies, practices, customs, and/or culpable conduct to exist, they knew with certainty that the result would be serious injury, suffering, physical illness, and/or death.

20.     The County policy makers were deliberately indifferent to the serious medical needs of Johnny Bradley by failing to train staff and implement jail policies, practices, customs and usages that adequately addressed the obvious known health and safety risks to inmates housed in the jail while taking prescribed medications.  Furthermore, the County policy makers were deliberately indifferent to the serious mental health needs of Johnny Bradley by failing to adequately staff the jail, by failing to train staff to adequately monitor and supervise the mentally ill and/or identify the need for intervention and treatment from mental health professionals and medical staff and to implement jail policies, practices, customs and conduct that adequately addressed known health and safety risks to inmates that suffer from mental illness.

21.     As a direct and proximate result of Defendant's actions or inactions, before his death Johnny Bradley suffered emotional distress, pain, suffering, and mental anguish.  As a further direct and proximate result of Johnny Bradley's wrongful death, Plaintiffs, his survivors and heirs, have suffered permanent damages, including but not limited to, the loss of his support, services, and society, including loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, as well as the loss of prospective inheritance.  Also, as a direct and proximate result of Johnny Bradley's wrongful death, Plaintiffs, his survivors and heirs, have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress.  Plaintiffs have also incurred funeral and medical expenses.

22.     Defendant's violations of Johnny Bradley's constitutional rights resulted from a policy, pattern, custom and/or practice of deliberate indifference to the serious medical and mental health needs of inmates at the direction and encouragement of the policymakers.

### *Violations of 14th Amendment Rights Under 42 U.S.C. § 1983*

23.     Plaintiffs incorporate by reference all of the preceding paragraphs.  Rusk County is a unit of local government organized under the laws of the State of Texas and is a "person" under 42 U.S.C. § 1983.  Rusk County acted or failed to act at all relevant times through County employees, agents, representatives, jailers, and/or chief policymakers, all of whom acted under color of state law at all relevant times, and is liable for such actions and/or failures to act to the extent allowed by law, including but not limited to law applicable to claims pursuant to 42 U.S.C. §1983. The County's policies, practices, and/or customs were moving forces behind, caused, were proximate causes of, and were producing causes of, constitutional violations and resulting damages (including death) referenced in this pleading.

24.     Plaintiffs plead facts which give rise to, and thus assert, conditions of confinement claims arising from policies, practices, and/or customs working individually, or in the alternative, together, to cause the decedent's death and all other damages asserted in this pleading.  Conditions of confinement claims require no deliberate indifference on behalf of a governmental entity or governmental actor.  In the alternative, Plaintiffs plead facts which give rise to episodic acts and/or omissions claims arising from policies, practices, and/or customs.  Regardless, pursuant to United States Supreme Court authority, Plaintiffs need not assert in this pleading specific constitutional claims but rather must merely plead facts which give rise to constitutional claims. Plaintiffs thus ask that the court apply the correct legal theory or theories to the facts pled. Plaintiffs are not pleading their "best case" and will only be able to do so after conducting discovery. At the pleading

stage, a plaintiff is merely required to put a governmental entity or private corporation on fair

notice of the grounds for which it is being sued.

25.     Plaintiffs plead the following policies, practices, and customs, which give rise to the

conditions of confinement claims, or in the alternative episodic act and/or omission claims:

- Rusk County failed to monitor or in the alternative had inadequate monitoring of detainees.

- Rusk County failed to reprimand and/or take remedial action against employees and/or agents as a result of the action and/or inaction related to Johnny Bradley's death, thus confirming that the policies, practices, and/or customs which led to such suffering and death were in fact *de facto* policies of Rusk County.

- Rusk County, while knowing that detainees needed immediate in-patient mental health care, would incarcerate such individuals in lieu of obtaining such needed care.

- Rusk County had direct involvement in the decisions regarding inmate housing, medical care, and policies and made no provisions for inmates with mental illness who were refusing to take prescription medication for serious medical conditions and knew it was reasonably foreseeable that these inmates would likely suffer medical complications, symptoms and events from these severe medical conditions requiring medical attention, and it would be a foreseeable result for inmates to die from these untreated severe medical conditions.

- Rusk County while monitoring detainees, failed to take action based upon material information obtained during monitoring regarding serious physical and/or mental health issues. This due in part, as may be true with other potential policies, practices, and/or customs, to attempt to save costs.

- Rusk County had unconstitutional policies in place for serious mentally ill detainees and instead of having such detainees transferred to an appropriate in-patient mental health facility for needed treatment, Rusk County would continue to incarcerate or allow incarceration of such persons.

- Rusk County would take action designed to save the County money, by failing or refusing to properly and adequately staff its jail and train its staff to properly supervise and monitor detainees, especially those detainees with serious medical and mental illnesses.

- Rusk County would take action designed to save the County money, by failing and/or refusing to send for needed inpatient mental health treatment, and/or to a local emergency room, detainees who vitally needed such care.

- Rusk County failed to provide and/or delayed providing medical and/or mental health treatment to detainees.

- Rusk County rather than providing mental health treatment, simply obtained mental health evaluations of detainees without obtaining corresponding needed mental health treatment.

- Rusk County rather than providing reasonable and necessary medical care simply placed detainees on watch lists, yet failed to properly monitor those detainees.

26.    Policies, practices, and/or customs referenced above, as well as the failure to adopt appropriate policies were moving forces behind and caused violations of decedent's rights and showed deliberate indifference to the known or obvious consequences that constitutional violations would occur.  The County was deliberately indifferent to, and acted in an objectively unreasonable manner regarding Johnny Bradley's constitutional rights. The County's relevant policies, practices, and/or customs, whether written or not, were also objectively unreasonably applied to the decedent.

27.    Rusk County's policy, practice, and/or custom of understaffing its jail was a moving force behind and caused Johnny Bradley's death.  Rusk County made a conscious decision to understaff its jail, and that decision, which was a or resulted in a policy, practice, and/or custom, was a moving force behind and caused Johnny Bradley's death.

28.    The County policy makers failed to develop and institute adequate reality-based training programs relating to the incarceration, care, and treatment of individuals such as Johnny Bradley who had pre-existing medical conditions and mental illness.  As such, the County's policy makers were indifferent to the serious medical and mental needs of Johnny Bradley.

29.     In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant Rusk County is liable to Plaintiffs pursuant to 42 U.S.C. § 1983, for depriving Johnny Bradley of his rights, privileges, and immunities guaranteed by the Fourteenth Amendment to the U.S. Constitution, including but not limited to the right to be protected and the right to adequate medical care when incarcerated. The Defendant Rusk County through the acts and omissions employees, agents, representatives, jailers, and/or chief policymakers who were at all times in the course and scope of their duties of and for Rusk County, were acting under the color of state law. The County acted or failed to act under the color of state law at all relevant times.

## DAMAGES

30.     The negligent, careless and reckless acts and/or omissions of Defendant proximately caused the death of Johnny Charles Bradley which resulted in the Plaintiffs' damages.  The United States Court of Appeals for the Fifth Circuit has held that using a state's wrongful death and survival statutes creates an effective remedy for civil rights claims pursuant to 42 U.S.C. § 1983. Therefore, Plaintiffs seek, for causes of action asserted in this complaint, all remedies and damages available pursuant to Texas and federal law, including but not limited to, the Texas wrongful death statute (Tex. Civ. Prac. & Rem. Code § 71.002 *et seq.*), the Texas survival statute (Tex. Civ. Prac. & Rem. Code § 71.021), the Texas Constitution, common law, and all related and/or supporting case law.  If the decedent had lived, the decedent would have been entitled to bring a 42 U.S.C. §1983 action for violation of the United States Constitution and obtain remedies and damages provided by Texas and federal law.

## STATUTORY SURVIVAL ACTION

31.     Plaintiffs are heirs to the estate of Johnny Charles Bradley ("decedent").  Before dying, decedent had a cause of action for injury caused by Defendant's wrongful conduct and violations of his constitutional rights, including but not limited to the right to receive medical/mental health care, to be protected, and/or not to be punished as a pre-trial detainee.  Decedent's estate and/or his heirs at law suffered the following damages for which they seek recovery from the Defendant:

- The decedent's conscious physical pain, suffering, and mental anguish;

- The decedent's loss of life and/or loss of enjoyment of life;

- The decedent's medical expenses; and

- The decedent's funeral expenses.

## WRONGFUL DEATH ACTION

32.     Plaintiffs individually seek and are entitled to all remedies and damages available to each such person individually for the 42 U.S.C. § 1983 violations and seek such damages as a result of the wrongful death of their father. The County's policies, practices, and/or customs caused, were proximate and/or producing causes of, and/or were moving forces behind and caused the following damages suffered by Plaintiffs, for which they individually seek compensation:

- Past mental anguish and emotional distress suffered by each Plaintiff resulting from and caused by the death of their father, Johnny Charles Bradley;

- Future mental anguish and emotional distress suffered by each Plaintiff resulting from and caused by the death of their father, Johnny Charles Bradley; and

- Loss of companionship and/or society, as applicable, that each Plaintiff would have received from their father, Johnny Charles Bradley had he lived.

## ATTORNEY'S FEES

33.     Plaintiffs seek reasonable and necessary attorney's fees available pursuant to 42 U.S.C. §§ 1983 and 1988.

## USE OF DOCUMENTS AT TRIAL OR PRETRIAL PROCEEDINGS

34.     Plaintiffs intend to use at one or more pretrial proceedings and/or at trial all documents produced by Defendants in this case in response to written discovery requests, with initial and additional disclosures (and any supplements and or amendments to same), and in response to Public Information Act request(s).

## DEMAND FOR JURY

35.     Plaintiffs have made a demand for a trial by jury as afforded by the United States Constitution and has tendered the requisite fee to the clerk with the filing of Plaintiff's Original Complaint.

## PRAYER

WHEREFORE, Plaintiffs request that Defendant be cited to appear and answer and that on final trial Plaintiffs, Wrongful Death Beneficiaries, and Claimant Heirs have and recover:

A.      Judgment against Defendant, for compensatory damages, including in an amount within the jurisdictional limits of the Court, as legally available and applicable, for all damages referenced above and/or below in this pleading;

B.      Actual damages and including but not necessarily limited to
- The decedent's medical expenses;
- Expenses for decedent's funeral;
- Past mental anguish and emotional distressed suffered by Plaintiffs resulting from and caused by decedent's death;
- Future mental anguish and emotional distress suffered by Plaintiffs resulting from and caused by decedent's death;
- Decedent's conscious physical pain, suffering, and mental health anguish;
- Decedent's loss of life and/or loss of enjoyment of life; and
- Plaintiffs' loss of companionship and/or society with the Decedent.

C.      Reasonable and necessary attorney's fees through trial and any appeals and other appellate proceedings, pursuant to 42 U.S.C. §§1983 and 1988.

D.      Court costs and all other recoverable costs.

E.      Prejudgment and post-judgment interest as provided by law.

F.      All other relief, legal and equitable, general and special, to which Plaintiffs, Wrongful Death Beneficiaries, and Claimant Heirs are entitled.

Respectfully submitted,

**Josh B. Maness**
State Bar No. 24046340
480 W. Texas Avenue
Waskom, Texas 75692
Tel.: (903) 407-8455
Fax: (877) 320-5751
E-mail:  josh@joshmaness.com


*s/ Kurt Truelove*
Kurt Truelove
Texas Bar No. 24013653
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
P.O. Box 1409
Marshall, Texas 75671
Telephone: (903) 938-8321
Facsimile: (903) 215-8510
Email: kurt@truelovelawfirm.com

ATTORNEY FOR PLAINTIFFS